# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **J.M. Jr.**

**No. 16-0691** (Clay County 15-JA-66)

**FILED**

**February 21, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother J.B., by counsel Wayne King, appeals the Circuit Court of Clay County's June 8, 2016, order terminating her parental rights to five-month-old J.M. Jr.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Michael Asbury, Jr., filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her post-adjudicatory improvement period and her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2015, the DHHR filed a petition for emergency custody of J.M. Jr., who was just eight days old. The DHHR alleged that petitioner admitted to using marijuana during her pregnancy and that her substance abuse affected her ability to appropriately care for her child. The DHHR also alleged that petitioner failed to provide an appropriate residence. Based upon these allegations, the circuit court found that an imminent danger existed and placed the child in the care and custody of the DHHR. Thereafter, the circuit court ordered petitioner to abstain from using drugs and alcohol and to submit to random drug and alcohol screens. The circuit court also granted petitioner supervised visitation with her child conditioned upon her ability to test negative for drugs for two consecutive weeks. Shortly thereafter, petitioner tested positive for marijuana.

In January of 2016, petitioner admitted to the allegations of abuse and neglect. Accordingly, the circuit court adjudicated petitioner as an abusive parent. In addition to

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

abstaining from drug and alcohol, the circuit court ordered petitioner to comply with services and to undergo psychological and substance abuse evaluations.

In March of 2016, the circuit court held a hearing on petitioner's motion for a post-adjudicatory hearing during which it heard proffers from counsel that petitioner failed two drug tests. Counsel also noted that petitioner cancelled multiple parenting and adult life skills classes. Nevertheless, the circuit court granted petitioner a six-month post-adjudicatory improvement period. The terms and conditions of petitioner's improvement period directed her to enter a long-term drug rehabilitation facility, participate in all services offered by the DHHR, obtain an appropriate residence, remain drug and alcohol free, and submit to random drug and alcohol screens. The circuit court also suspended petitioner's visitation with the child.

In May of 2016, the circuit court held a dispositional hearing during which the circuit court heard testimony from petitioner and a DHHR case worker. According to petitioner's case worker, petitioner did not participate in parenting or adult life skills, failed ten drug tests, and did not exercise her visitation rights with her child because petitioner was unable to remain sober. Furthermore, the circuit court heard evidence that petitioner was not enrolled in a drug rehabilitation treatment facility. Petitioner testified that she has not visited with her child since February of 2016, and that she voluntarily left a drug rehabilitation facility. After considering the testimony and evidence, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse or neglect in the foreseeable future. By order entered on July 8, 2016, the circuit court terminated petitioner's parental rights to her child. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period. Petitioner asserts that she was given an insufficient amount of

time to correct the conditions of abuse and neglect.[2] Specifically, petitioner contends that the circuit court erred in suspending her visitation with her child because she "should have been permitted visitation with [her child], even when [she] was under the influence of controlled substances as long as [she] behaved appropriately with [her child.]" We strongly disagree. Notably, petitioner does not argue that the circuit court violated any of the statutory time periods set forth in Chapter 49 of the West Virginia Code for child abuse and neglect proceedings. West Virginia Code § 49-4-610 sets forth when a circuit court may grant, extend, or terminate an improvement period. Further, West Virginia Code § 49-4-610(7) requires the termination of an improvement period "when the court finds that [a parent] has failed to fully participate in the terms of the improvement period." Additionally, we have long held that "[i]t is within the court's discretion to grant an improvement period . . . [and] it is also within the court's discretion to terminate the improvement period . . . if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 2, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993).

In petitioner's case, she failed to fully participate in her post-adjudicatory improvement period. It is clear from the record that the terms and conditions of her post-adjudicatory improvement period required her to enter a long-term drug rehabilitation facility, participate in all services offered by the DHHR, obtain an appropriate residence, remain drug and alcohol free, and submit to random drug and alcohol screens. While petitioner admitted that she attended a long-term drug treatment facility, she also admitted that she voluntarily left the facility and had not returned at the time of the dispositional hearing. The circuit court also heard evidence that petitioner failed to participate in parenting and adult life skills classes, failed ten drug screens, and had not visited with her child since approximately February of 2016. As such, it is clear that petitioner failed to fully participate in her improvement period or make sufficient progress. For these reasons, we find no error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 8, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: February 21, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[2]Related to this assignment of error, petitioner also argues that the circuit court erred in terminating her visitation with the child and "incorporates by reference [respondent father's argument in Appeal Case No. 16-0732] the said statements on pages 9 to 13 and the supporting authority."